### 12239

### BERRY *ET AL.* v. HUGHES *ET AL.*

#### (188 S. E., 846)

DEEDS—DEED TO GRANTOR'S SON HELD TO CONVEY FEE, NOTWITHSTANDING ATTEMPT TO EXEMPT PROPERTY FROM GRANTEE'S DEBTS AND TO CREATE ESTATE. IN PERPETUITY.—Deed conveying property to grantor's son in consideration of $100.00 and love and affection, but on the special condition that the conveyance of "said lot shall never be subject to the debts, contracts, or liabilities of the (gran-

tee) or any of his heirs or assigns for the period of 200 years, but during the said 200 years the said lot shall remain in the family of the (grantee) and his descendants," etc., *held* to convey fee simple, notwithstanding ineffectual attempts to exempt property from debts and to create estate in perpetuity.

Before Moss, J., County Court, Orangeburg.

Action by R. Sidney Berry and another against Annie B. Hughes and others. Judgment for plaintiffs, and defendants appeal.

The following is the deed and master's report:

### DEED

"State of South Carolina.

"Know all men by these presents: That I, James B. Berry, of Branchville, in the state aforesaid, farmer, in consideration of the sum of one hundred ($100.00) dollars, as well as love and affection to me paid by J. E. Berry (my son), in the state aforesaid, farmer, have granted, bargained, sold, and released and by these presents do bargain, sell, and release unto the said J. E. Berry, a lot of land situate in the Town of Branchville, in the County of Orangeburg, and state aforesaid, containing four hundred (400) feet in every direction, viz.: Four hundred (400) feet on the Charleston public road; four hundred (400) feet north on a twenty-five (25) feet (Barton) street; four hundred feet on the western line; four hundred (400) feet on the north line, a twenty-five (25) feet street to be left by the said J. B. Berry, on all sides except on the eastern line where there is already a thirty (30) feet street. But the special condition of this conveyance that the said lot shall never be subject to the debts, contracts, or liabilities of the said J. E. Berry, nor any of his heirs or assigns, for the period of two hundred years, but during the said two hundred years the said lot shall remain in the family of the said J. E. Berry and his descendants; that is to say, to the said J. E. Berry

and wife, then to his children and their children's children, and so on for the said period.

"Together with all and singular the rights, members, hereditaments, and appurtenances to the said premises belonging or in any way incident or appertaining.

"To have and to hold all and singular the said premises before mentioned until the said J. E. Berry for the purposes aforesaid, his heirs, against me and my heirs or any other person claiming or to claim the same or any part thereof.

"Witness my hand and seal this twenty-first day of June, in the year of our Lord one thousand eight hundred and eighty-four, and in the one hundred and eighth year of the sovereignty and independence of the United States of America.

"[Signed]    J. B. Berry.

"Signed, sealed, and delivered in the presence of W. H. Reedish, J. D. Myers."

### MASTER'S REPORT

"This is an action brought for the purpose of partitioning a lot situated in the Town of Branchville, in this County, and was referred to me, by an order of this Court dated January 8, 1926, to take such further action in the premises as may be necessary and to report my conclusion of both law and fact to the Court with all convenient speed.

"The complaint sets forth that the plaintiffs and defendants owned an estate of inheritance through their father, J. E. Berry, who owned the same under title dated October 3, 1887, which title appears on record in the office of the Clerk of Court for Orangeburg County in Deed Book 24, at page 760, and which is set forth in the complaint.

"The defendants filed their answer, setting forth they are the children of J. E. Berry and have children who have an interest in the said premises, but who are not made parties to this action, and deny that the said premises can

be partitioned without manifest injury to the defendants or to the interest of the children or that a good and sufficient deed may be made thereof.

"Since the commencement of this action one of the plaintiffs, E. S. Berry, has departed this life intestate, leaving as his only heirs at law his wife, Eva B. Berry, and his son, Coburn Berry, who is a minor. An order has been made in this action substituting these heirs as parties to this action, and a proper guardian *ad litem* has been appointed for Coburn Berry, the minor.

"I find that J. E. Berry died seized and possessed of the property in controversy under the deed as is above set forth, and that he left as his heirs at law and distributees of his estate his children, E. S. Berry, Minnie B. Hammond, Clarence E. Berry, R. Sydney Berry, Annie B. Hughes, and Nettie B. Watson, and that all of these, or their personal representatives, are now before this Court. This seems to be a friendly suit to determine the effect of the deed of J. B. Berry to J. E. Berry above set forth.

"In construing this deed the first question arises as to what was the intention of the grantor in conveying this lot. It appears to me that his intention was primarily to convey to J. E. Berry and his descendants the entire property. If he did intend to convey his entire interest in this property, a fee-simple deed emanates from him. He conveys the property in the granting clause to J. E. Berry, but subject to the condition that the lot should never be subject to the debts, contracts, or liabilities of J. E. Berry, nor any of his heirs or assigns, for the period of two hundred years, but that for this period the lot should remain in the family of J. E. Berry and his descendants. In the habendum clause he conveyed the said property to J. E. Berry for the purposes aforesaid, his heirs, against him and his heirs.

"It seems to me that this is a deed to J. E. Berry for life and after his death to his wife and their children, and since the plaintiffs and defendants herein are children of J. E.

Berry, and his wife does not survive, the fee at this time vests in his children, and a deed brought about by the partition proceeding, in my opinion, would be a valid deed and fee simple.

"With respect to the condition that the said lot should never be liable for the debts of the said J. E. Berry or any of his children, it is sufficient to say that this is a conditional act, and that a condition arising whereby an estate should be divided by limitations upon a fee-simple estate exceeds the powers of the grantor, and the Court will not enforce the same. Where a deed purports to pass a fee, the expression of a purpose respecting the particular use to which the property is to be appropriated shall not within itself make the estate conditional. An estate in fee-simple is the entire and absolute property of the subject or subjects, and therefore, no further disposition of it can be made. The purpose expressed by the conditions is the main intention to the grantor, which is to be ascertained from the entire deed, and, so far as such condition or conditions is inconsistent with the main intention of the grantor, it must be dispensed with. *Chavis v. Chavis,* 57 S. C., 173; 35 S. E., 507.

"It seems to me that this deed is directly in conflict with the rule against perpetuities. The grantor attempts to limit the estate for the term of two hundred years, and as a matter of fact, the life in being has expired and the remaindermen are in position to assume the fee. In case of an invalid limitation over the precedent estate will stand unaffected by the void limitation, the estate becoming vested in the first taker or takers according to the terms on which it was devised or granted.

"Suppose that J. E. Berry and his children did not carry out the conditions of the deed, did it work a forfeiture? Forfeitures are abhorred, and all conditions working forfeitures are construed, and the Court should construe this deed so as to preserve this estate in the grantee and his children, and I do so respectfully find and recommend."

*Messrs. Wolfe & Berry,* for appellants, cite: *Effect should be given to all words of a deed:* 112 S. C., 113; 4 DeS., 447; 23 S. C., 232; 105 S. C., 268.

*Messrs. Lide & Felder,* for respondents, cite: *All provisions which tend to place property out of reach of the power of alienation are void:* 2 McC., 323; 30 Cyc., 1486; 112 S. C., 312. *While intention should govern, it cannot violate a rule of law:* 106 S. C., 304; 78 S. C., 334; 79 S. C., 166. *Deed at bar cannot operate as a lease:* 119 S. C., 470.

July 15, 1927.

The opinion of the Court was delivered by Mr. Justice Cothran.

The result of the master's report, confirmed by the presiding Judge, is approved, although all that is written therein is not. The deed is a conveyance of the fee-simple title to J. E. Berry, with a clumsy attempt to exempt the property from his debts and to create an estate in perpetuity to his children, grandchildren, and so forth, for a period of 200 years. Both attempts must fail; the first as inconsistent with a fee-simple title, and the other as offending the rule against perpetuities, or, as more correctly termed, the rule against remoteness of the vesting of future interests, which is limited to a life or lives in being and 21 years, plus the period of gestation thereafter. The deed and the master's report will be reported.

Mr. Chief Justice Watts and Messrs. Justices Blease, Stabler and Carter concur.